UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NEAL HOYME, | ) | CIV. 08-5086 |
|     Plaintiff | ) ) ) | |
| vs. | ) ) | ORDER DENYING DEFENDANT'S MOTION TO SEAL |
| ALLIED PROPERTY AND CASUALTY INS. CO., | ) ) ) | |
|     Defendant. | ) | |

## INTRODUCTION

Defendant Allied Property and Casualty Insurance Co. seeks an order sealing Exhibit B to the Affidavit of Cheri Lenhoff. [Docket No. 30]. Plaintiff Neal Hoyme resists the motion on grounds that the pages which Allied seeks to seal do not constitute "confidential information" as defined by the Stipulation and Protective Order entered into by the parties on August 10, 2009. [Docket Nos. 34, 13]. The motion was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). [Docket No. 35]. As detailed herein, Defendant's Motion to Seal is denied.

## FACTS

The facts, insofar as they are pertinent to the present motion, are as follows. On August 10, 2009, the parties presented to the district court a Stipulation and Protective Order, intended "to govern the disclosure of

potentially confidential discovery materials and testimony" in the present matter. Docket No. 13. Chief Judge Karen E. Schreier signed the order. Id. Among the items specifically addressed in the Stipulation was a section detailing how information designated by a party as confidential would be treated during the course of the present litigation and beyond. Id. The parties also specifically defined "Confidential Information." Id. at ¶ 2.

On September 3, 2009, Allied notified Mr. Hoyme's counsel that it believed the discovery materials it produced in response to Mr. Hoyme's First Set of Interrogatories and Requests for Production came under the definition of confidential material, as expressed in paragraph two of the Stipulation and Order. Docket Nos. 13, 33-1. Specifically, Allied seeks to seal "Exhibit B," which was attached to the affidavit of an Allied employee, Cheri Lenhoff. See Docket No. 30-2. Mr. Hoyme's counsel provided to Allied a written notice of objection to the classification of the materials as confidential. Docket No. 33-2. Attorney Lee specifically referenced paragraph nine of the parties' stipulation and protective order. Id. According to the record before the court, Allied did not at any time supply a written notification to Mr. Hoyme's counsel as to whether it would agree to reclassify a redacted copy of the disputed documents.

On November 10, 2009, Allied brought the present motion to seal certain pages of Exhibit B to the affidavit of Cheri Lenhoff, on grounds that the information sought had been marked as confidential in nature, pursuant to the

parties' Stipulation and Protective Order.  Docket No. 30.  Mr. Hoyme filed a written objection to Allied's motion to seal, asserting that the documents Allied now seeks to seal do not constitute "confidential information" as defined by the parties' stipulation.  Docket No. 34.  There is no written response in the record to indicate whether or not Allied ever agreed to reclassify the documents or redact them.

## DISCUSSION

The pertinent section of the parties' Stipulation and Protective Order reads as follows:

> With respect to any Confidential Information covered by this Protective Order, the Plaintiff may at any time serve upon counsel for Allied a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." Allied shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the Plaintiff in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, Allied may apply to the Court with in twenty (20) days for an order that the information or documents so designated are not entitled to such status and protection. The objecting party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential- Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection. If an application to the Court is not made within twenty (20) days of the notice of objection the material objected to shall be deemed not confidential

Docket No. 13, ¶ 9.

The stipulated definition of "confidential information" provides:

> "Confidential Information," as used herein, means any information, in whatever form produced in connection with formal or informal discovery in this litigation that Allied in good faith believes contains, reflects, or concerns its trade secrets, confidential business or commercial information or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Confidential information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel matters, and financial and other sensitive information that is not publicly available (or not publicly available in the form maintained by the party).

Docket No. 13, ¶ 2.

Allied has not supplemented its motion to seal with any argument, aside from the assertion that the documents requested by Mr. Hoyme were previously marked as confidential in nature. Docket No. 30. For purposes of resisting the present motion, Mr. Hoyme argues that the information sought does not contain trade secrets or other information that would harm Allied if disclosed publicly. Docket No. 34.

Under the parties' agreement, Allied was entitled to designate the documents at issue as confidential if it believed in good faith that the documents fell within the definition of confidential information as expressed in paragraph two of the Stipulation. Docket No. 13, ¶ 2. However, Allied's obligations did not end there. Use of the terms "Allied shall" indicates that, upon objection by Mr. Hoyme's counsel to the designation of confidential, Allied was *required* to then "review the designated material sought to be classified"

4

and to provide written notification to Mr. Hoyme within seven days as to whether it would agree to reclassify the documents or provide a redacted copy. Id.  It appears clear from the record in this case that Allied provided no such written notification within seven days of Mr. Hoyme's objection on October 14, 2009.

Moreover, even if Allied's response within seven days was *not* required by the Stipulation and Protective Order, Allied still failed to meet its other obligations under paragraph nine, in that it failed make application to the court for an order within twenty days of the notice of Mr. Hoyme's objection, and has also not made a showing of good cause for maintaining the confidential status of the documents.  Id.  As stated previously, Mr. Hoyme's objection is dated October 14, 2009, but Allied did not file the present motion until November 10, 2009; Allied's only argument in support of this motion is its own classification of the documents as confidential.  The court does not believe this constitutes the "good cause" intended by and expressed in the Stipulation and Order.  See id.

In sum, Mr. Hoyme's counsel has conducted discovery practices in full compliance with the parties' Stipulation and Protective Order.  Allied invokes the same to seal allegedly confidential documents, but it has not acted in accordance with the procedures expressly agreed to by the parties and under which the parties may make application to this court to maintain the

confidentiality of documents.  The parties stipulated that noncompliance with the terms of paragraph nine of the Stipulation and Order signed by the district court would result in the disputed documents being classified as "not confidential."  Docket No. 13, ¶ 9.  Allied has not demonstrated compliance with the Stipulation and Protective Order, so this court finds that the documents are not entitled to protection under the same.

## CONCLUSION

Based on the foregoing discussion, this court recommends that Defendant Allied Property and Casualty Insurance Co.'s motion to seal [Docket No. 30] be denied.  Exhibit 3, attached to the Affidavit of Cheri Lenhoff, shall not be filed under seal, and the documents referenced in Exhibit 3 shall be deemed not confidential.

## NOTICE TO THE PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a).  The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Id.  Failure to file timely objections will result in the waiver of the right to appeal

questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated November 23, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE