UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NEAL HOYME, | ) | CIV. 08-5086-JLV |
| | ) | |
| Plaintiff | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION TO SEAL |
| | ) | |
| ALLIED PROPERTY AND | ) | |
| CASUALTY INS. CO., | ) | |
| | ) | |
| Defendant. | | |

## INTRODUCTION

Plaintiff Neal Hoyme sought an order sealing six exhibits attached to the Affidavit of Brad J. Lee in support of Mr. Hoyme's motion to compel [Docket No. 23], as well as the information referenced in his brief in support of the motion. [Docket Nos. 21, 24]. Mr. Hoyme now asserts that his motion has become moot in light of the defendant's failure to respond to Mr. Hoyme's objection in accordance with the Stipulation and Protective Order entered into by the parties on August 10, 2009. [Docket No. 32, Part D]. Defendant Allied Property and Casualty Insurance Co. (hereinafter "Allied") has not responded to Mr. Hoyme's motion. The motion was referred to this magistrate judge for resolution by the Honorable Jeffrey L. Viken, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). [Docket No. 35]. As detailed herein, Plaintiff's Motion to Seal is denied as moot.

**FACTS/PROCEDURAL BACKGROUND**

The facts, insofar as they are pertinent to the present motion, are as follows. On August 10, 2009, the parties presented to the district court a Stipulation and Protective Order, intended "to govern the disclosure of potentially confidential discovery materials and testimony" in the present matter. Docket No. 13. Chief Judge Karen E. Schreier signed the order. Id. Among the items specifically addressed in the stipulation and protective order was a section detailing how information designated by a party as confidential would be treated during the course of the present litigation and beyond. Id. The parties specifically defined "confidential Information." Id. at ¶ 2.

On September 3, 2009, Allied sent a letter to plaintiff's counsel stating that its responses to Mr. Hoyme's interrogatories and requests for production were "to be considered confidential in accordance with the protective order issued by the Court." Docket No. 33-2. Among the documents produced and classified as confidential was Exhibit 3 to Document 23. Exhibit 3 is a series of pages showing entries made in Allied's "Automated Claims System," on which various Allied employees documented the progress of Mr. Hoyme's claim and made notes as to how to proceed with the claim. Mr. Hoyme's counsel provided a written notice of objection to the classification of the materials as confidential. Docket No. 33-2. There is no response from Allied in the record to indicate whether Allied agreed to reclassify the documents or redact them.

**DISCUSSION**

As detailed in Mr. Hoyme's Reply to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Compel, and reproduced here for ease of reference, the pertinent section of the parties' stipulation reads as follows:

> With respect to any Confidential Information covered by this Protective Order, the Plaintiff may at any time serve upon counsel for Allied a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." Allied shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the Plaintiff in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, Allied may apply to the Court with in twenty (20) days for an order that the information or documents so designated are not entitled to such status and protection. The objecting party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential- Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection. If an application to the Court is not made within twenty (20) days of the notice of objection the material objected to shall be deemed not confidential

Docket No. 13, ¶ 9.

Allied notified Mr. Hoyme's counsel that it deemed the discovery materials produced in response to Mr. Hoyme's First Set of Interrogatories and Requests for Production to fall under the definition of confidential material, as expressed in paragraph two of the Stipulation and Order. Docket No. 13. Allied expressed that the documents were to be considered confidential. Docket No. 33-1. In response, Mr. Hoyme's counsel served written notice of

objection to the confidential classification, in accordance with paragraph nine of the Stipulation and Protective Order. Docket No. 33-2. Attorney Lee's letter specifically referenced paragraph nine of the parties' stipulation. Id. Compliance with the parties' stipulation required Allied to then respond within seven days of the receipt of Attorney Lee's written notice, dated October 14, 2009. Id. Mr. Hoyme's counsel apparently received no such written notification from Allied.

Under the parties' agreement, Allied was entitled to designate the documents at issue as confidential if it believed in good faith that the documents fell within the definition of confidential information as expressed in paragraph two of the Stipulation. Docket No. 13, ¶ 2. However, Allied's obligations did not end there. Use of the terms "Allied shall" indicates that, upon objection by Mr. Hoyme's counsel to the designation of confidential, Allied was *required* to then "review the designated material sought to be classified" and to provide written notification to Mr. Hoyme within seven days as to whether it would agree to reclassify the documents or provide a redacted copy. Id. at ¶ 9. It appears clear from the record in this case that Allied provided no such written notification within seven days of Mr. Hoyme's objection on October 14, 2009.

Moreover, even if Allied's response within seven days was *not* required by the Stipulation and Protective Order, Allied still failed to meet its other

4

obligations under paragraph nine, in that it failed make application to the court for an order within twenty days of the notice of Mr. Hoyme's objection, and has also not made a showing of good cause for maintaining the confidential status of the documents.  Id.  Indeed, Allied has not responded to the present motion or taken any other formal action with respect to it.

It appears that Mr. Hoyme's counsel has conducted discovery practices in full compliance with the parties' Stipulation and Protective Order.  In contrast, Allied has not acted in accordance with the procedures expressly agreed to by the parties and under which the parties may make application to this court to maintain the confidentiality of documents.  The parties stipulated that noncompliance with the terms of paragraph nine of the Stipulation and Order signed by the district court would result in the disputed documents being classified as "not confidential."  Docket No. 13, ¶ 9.  Allied has not demonstrated compliance with the Stipulation and Protective Order, so this court finds that the documents are not entitled to protection under the same.

**CONCLUSION**

Based on the foregoing discussion, this court recommends that Plaintiff Hoyme's motion to seal [Docket No. 21] be denied as moot.  Exhibit 3, attached to Docket No. 23, and the associated information referenced in Mr. Hoyme's Memorandum in Support of Motion to Compel [Docket No. 24], shall not be filed under seal, and shall be deemed not confidential.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Id. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated November 23, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE